PAUL L. GALE (SBN 065873)
paul.gale@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone:   949.622.2700
Facsimile:   949.622.2739

MARCUS S. HARRIS (*pro hac vice*)
mharris@taft.com
JEFFREY KUO  (SBN 317836)
jkuo@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312.840.4320

AMY L. WRIGHT
(*pro hac vice*)
awright@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: 317.713.3500

Attorneys for Plaintiff
VITALITY GROUP INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VITALITY GROUP INTERNATIONAL, INC.,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>VITALITY HEALTH PLAN OF CALIFORNIA, INC.,<br><br>Defendant and Counterclaimant. | Case No.  2:19-cv-02491-DMG (JCx)<br><br>HONORABLE DOLLY M. GEE<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE HELD ON JUNE 27, 2019**<br><br>Date: July 19, 2019<br>Time: 9:30 AM<br>Place: Courtroom 8C |

In compliance with Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's Order Setting Rule 26(f) Scheduling Conference (Doc. 27), Plaintiff and Counter-defendant Vitality Group International, Inc. ("Plaintiff" or "Vitality Group"), and Defendant and Counterclaimant Vitality Health Plan of California, Inc. ("Defendant" or "VHP" or "Vitality Health") hereby submit the following Joint Rule 26(f) Report.

A. **STATEMENT OF THE CASE**

1. <u>Plaintiff's Position:</u>

Vitality Group's action is for: (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) false designation of origin, or false or misleading description or representation of fact under §43(a) of the Lanham Act (15 U.S.C. §1125(a)); (3) unfair and fraudulent practices under the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (4) trademark infringement and unfair competition under California common law.

Vitality Group's claims are based on the fact that Vitality Health began using designations confusingly similar to Vitality Group's family of "VITALITY" marks in commerce to identify and advertise Vitality Health's insurance, and wellness products and services to consumers, long after Vitality Group had established priority. Vitality Group is the owner of valid trademarks subsisting on the Principal Register of the United States Patent and Trademark Office, including VITALITY, THE VITALITY GROUP, and VITALITY INSTITUTE. Vitality Group is also the common law owner of the trademarks VITALITY PLUS, VITALITY HEALTH FYI, VITALITY HEALTHYMIND, and VITALITY SHARED-VALUE INSURANCE. Vitality Health's unauthorized use of the designation "Vitality" for its products and services is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Vitality Health's goods and services with Vitality Group, or as to the sponsorship, approval or affiliation of Vitality Health by or with Vitality Group.

Vitality Health adopted and used its Vitality designations with either actual and constructive notice or knowledge of Vitality Group's trademarks, and Vitality Group's exclusive rights therein. Further, Vitality Health has refused to cease using the designations despite Vitality

Group's repeated requests that it do so.  Vitality Health's actions therefore constitute knowing, deliberate, and willful infringement of Vitality Group's marks.

The counterclaims asserted by Vitality Health in this case are without merit.  In its counterclaims, Vitality Health seeks declaratory judgment against Vitality Group, claiming non-infringement and asserting that Vitality Group's marks are invalid or unenforceable.  First, Vitality Health's use of designations confusingly similar to Vitality Group's trademarks infringes Vitality Group's prior rights in Vitality Group's trademarks based on, among other things, Vitality Health's use of: (i) the identical term "VITALITY," which creates similarities in spelling connotation and commercial impression; (ii) highly similar health and wellness products and services with its "Vitality" designations.  Moreover, Vitality Health's products and services travel in the same channels of trade and Vitality Health directs its products and services to the same class of consumers as Vitality Group's products and services.  Second, a number of Vitality Group's registrations are incontestable under 15 U.S.C. § 1065—and cannot be challenged on the basis of descriptiveness.  Further, Vitality Group's registrations are conclusive evidence of the validity and ownership of its trademarks.

2.   Defendant's Position:

Vitality Group is not entitled to any relief for its trademark infringement and unfair business practices claims.  VHP is a federally-approved Medicare health insurance company, licensed by the state of California in 2018, that serves Medicare beneficiaries.  VHP offers health insurance services through California primary care providers and specialists for multi-linguistic and under-served populations.  Vitality Group does not offer or sell insurance services.  Vitality Group's predecessor-in-interest, Destiny Health, Inc. ("Destiny Health"), was in the insurance market, but exited in 2008.  Yet Vitality Group continues to illegally utilize its alleged trademark applications and registrations to preclude VHP from using the word "VITALITY" in the insurance market, of which Vitality Group is not, in fact, a part.  As recently as 2015, Vitality Group claimed uses of its marks in connection with insurance underwriting or administration services for life insurance programs or health insurance programs.  Vitality Group, however, does not offer insurance underwriting or administration services.

VHP identifies and distinguishes its health insurance services with its own trademark, VITALITY HEALTH PLAN OF CALIFORNIA, which plainly shows that VHP is the source of the services. In any event, "VITALITY," and any derivation of that term, is not a valid or protectable trademark in connection with health and wellness. Indeed, Destiny Health asserted to the United States Patent and Trademark Office during prosecution of its marks that the word "VITALITY" standing alone, lacks distinctiveness as used in connection with insurance and wellness goods and services. Moreover, the use of the term "VITALITY" is ubiquitous in the health and wellness market. For at least these reasons, Vitality Group knows that "VITALITY" is functional and generic, or at least merely descriptive. Its marks are, at best, weak and do not warrant any relief. There is no likelihood of confusion between VHP and Vitality Group.

For the above reasons, and more, VHP asserts its own affirmative relief seeking declaratory relief that VHP is not infringing Vitality Group's alleged marks and those alleged marks are invalid and unenforceable.

**B.     SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b); and supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

**C.     LEGAL ISSUES**

1.     Plaintiff's Position:

Vitality Health has infringed Vitality Group's trademarks and unfairly competed with Vitality Group by its unauthorized use of confusingly similar designations, including at least: VITALITY, VITALITY HP, VITALITY HEALTH PLAN, and VITALITY HEALTH PLAN OF CALIFORNIA. Vitality Health's unauthorized use of the foregoing designations is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Vitality Health and Vitality Health's goods and services with Vitality Group, or as to the sponsorship, approval or affiliation of Vitality Health by or with Vitality Group, in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a)(1)(A) and common law.

Further, Vitality Health's actions constitute unfair business acts or practices because it engages in deceptive and false advertising, including misrepresenting or omitting material facts regarding its products and services, therefore offending established public policy. Vitality Health engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers, which is a violation of the unfair prong of the California Unfair Competition Law.

In terms of evidentiary issues that may arise, Vitality Group foresees an issue with being able to submit certain evidence and testimony at trial from those outside of California. A number of Vitality Group's key witnesses reside outside of California, as opposed to Vitality Health's witnesses, who have ties to or reside in California. At this stage, Vitality Group's key witnesses include, but are not limited to Tal Gilbert, Quentin Pelser, Keith Karem, and Alan Pollard.

2. <u>Defendant's Position</u>:

Vitality Group is not entitled to any relief for its claims arising from VHP's alleged unauthorized use of the alleged "VITALITY" marks at least because there is no likelihood of consumer confusion. At a minimum, VHP and Vitality Group operate in two disparate markets—insurance and wellness services, respectively. Consumers of VHP's Medicare health insurance are distinct from consumers of Vitality Group's wellness products and services. VHP has not engaged in any unlawful conduct through its use of the term "VITALITY." Uses of "VITALITY" are ubiquitous in the insurance market and the wellness market. Uses include, "VITALITY" in connection with a vitamin and mineral supplement for men; "VITALITY NATURAL HEALTH CARE" in connection with naturopathic medicine; "VITALITY HEALTH AND WELLNESS" in connection with mainstream and alternative intervention medicine; and "VITALITY HEALTH CENTER" in connection with chiropractic care, acupuncture, and infrared body wraps, among other services.

VHP's Counterclaims raise issues of invalidity and unenforceability of Vitality Group's alleged marks. VHP contends that the term "VITALITY" is functional and generic, or at least merely descriptive, and therefore invalid. Moreover, Vitality Group was assigned many of its marks from its predecessor-in-interest, Destiny Health. Destiny Health sold health insurance, but

1  exited the insurance market in 2008.  Vitality Group does not sell insurance.  Yet Vitality Group
2  has maintained its alleged marks and claimed commercial use of the marks in connection with the
3  underwriting and administration of health insurance.  Those claims are false.  Thus, VHP is
4  entitled to a declaration that it is not infringing Vitality Group's alleged "VITALITY" marks, and
5  that Vitality Group's alleged marks are invalid and unenforceable.

**D.    PARTIES, EVIDENCE, ETC.**

1.    Plaintiff's Position:

The parties in this case are Plaintiff, Vitality Group, who has sold or provided health care related wellness services and information relating to health and wellness programs, since at least as early as 2008; and Defendant, Vitality Health, which began selling health insurance services under its VITALITY designation in 2018.

At this early stage of litigation, Vitality Group is unable to identify all individuals likely possessing discoverable information upon which it will rely to support its claims.  Subject to this reservation, the following individuals may have discoverable information aside from Vitality Group:

Tal Gilbert -  CEO of The Vitality Group Inc., c/o Marcus S. Harris, Taft Stettinius & Hollister, LLP 111 E. Wacker Suite 2800, Chicago, IL 60601.  Mr. Gilbert has knowledge concerning: (i) Vitality Group's trademarks and channels of trade; (ii) Vitality Group's business and product offerings; (ii) Vitality Group's expansion of product lines; (iii)Vitality Group's partnerships with third parties using Vitality Group's trademarks; and (iv) Vitality Group's target customers.

Quentin Pelser - CFO of Vitality Group International, Inc. c/o Marcus S. Harris, Taft Stettinius & Hollister, LLP 111 E. Wacker Suite 2800, Chicago, IL 60601.  Mr. Pelser has knowledge concerning: (i) Vitality Group's sales; and (ii) Vitality Group's expansion of product lines.

Keith Karem – Head of Marketing of Vitality Group International, Inc. c/o Marcus S. Harris, Taft Stettinius & Hollister, LLP 111 E. Wacker Suite 2800, Chicago, IL 60601.  Mr. Karem has knowledge concerning: (i) Vitality Group's trademarks; (ii) consumer and market

perception of Vitality Group; (iii) Vitality Group's marketing and PR efforts; and (iv) the impact Vitality Health's infringement has had on Vitality Group's brand.

Alan Pollard – Director of product innovation and new business initiatives of Vitality Group International, Inc. c/o Marcus S. Harris, Taft Stettinius & Hollister, LLP 111 E. Wacker Suite 2800, Chicago, IL 60601.  Mr. Pollard has knowledge concerning: (i) Vitality Group's trademarks; (ii) consumer and market perception of Vitality Group; (iii) Vitality Group's business and product offerings; (iv) Vitality Group's expansion of product lines; and (v) Vitality Group's target customers.

Based on the current results of Vitality Group's investigation, the key documents in this case include the parties' Trademark Registrations, advertising, press and interviews, social media posts, and other documentation relating to the parties' products, services, marks and the expansion of the parties' product lines and services.

2. <u>Defendant's Position:</u>

VHP agrees that the parties in this case are Vitality Group and VHP.

VHP is currently unable to identify all individuals likely to possess discoverable information upon which it will rely to support its counterclaims and defenses.  But at this time, VHP is able to state that all individuals identified by Vitality Group in this Report or otherwise may have discoverable information relevant to VHP's counterclaims and defenses.  VHP further states that the following individuals may also have discoverable information relevant to its counterclaims and defenses:

Brian Barry, Chief Executive Officer of VHP;

Scott Howell, D.O., Chief Medical Officer of VHP;

Michael Rowan, Chief Information Officer of VHP;

Kenneth Watkins, C.P.A., M.B.A., Chief Financial Officer of VHP; and

Liza Arias, Chief Compliance Officer of VHP.

Based on VHP's investigation to date, the key documents in this case include Vitality Group's Trademark applications, registrations, renewals, and assignments, and corresponding file histories; marketing and sales documents from Vitality Group, Destiny Health, and VHP; Vitality

Group's agreements with health care providers; Vitality Group's and Destiny Health's formation and association documents; and third-party uses of the term "VITALITY."

**E.   DAMAGES**

   1.   Plaintiff's Position:

Vitality Group is unable to compute its damages at this time, prior to discovery. In addition, Vitality Group continues to be damaged and irreparably harmed due to Vitality Health's actions.

   2.   Defendant's Position:

VHP denies that Vitality Group is entitled to any relief because it has not been damaged or harmed by VHP.

**F.   INSURANCE**

Vitality Group is investigating whether it has an insurance policy covering this matter. VHP is investigating whether there is insurance coverage for this matter.

**G.   MOTIONS**

   1.   Plaintiff's position:

None expected at this time.

   2.   Defendant's position:

Aside from dispositive motions listed below, no other motions are expected at this time.

**H.   MANUAL FOR COMPLEX LITIGATION**

Not necessary for this case.

**I.   STATUS OF DISCOVERY**

   1.   Initial Disclosures and Discovery

The parties will exchange initial disclosures on or before July 11, 2019 and the parties will serve their first sets of discovery requests on each other prior to the Scheduling Conference.

**J.   DISCOVERY PLAN**

   1.   Preservation of Discoverable Information

With respect to all discoverable documents, the parties agree to take the appropriate actions to preserve discoverable information.

2. <u>Electronically Stored Information ("ESI")</u>

The parties agree that each of them will suspend any automatic delete functions relating to their ESI such that all ESI relating in any way to this action will be preserved.

The parties are discussing the form of production of ESI. The parties are working in good faith to come to agreement on the production of ESI in native format and expect to have a resolution shortly.

3. <u>Expert Disclosures</u>

The parties propose that initial expert witness disclosures, pursuant to Rule 26(a)(2), be made no later than April 21, 2020. The parties propose that any rebuttal expert witness disclosures be made no later than May 19, 2020.

4. <u>Expert Cut-Off</u>

The parties propose that all expert discovery be concluded by no later than June 16, 2020.

5. <u>Non-Expert Cut-Off</u>

The parties propose that all non-expert discovery be concluded by no later than March 17, 2020. The parties propose that all written discovery and deposition will be concluded by no later than March 17, 2020.

6. <u>Subjects of Discovery</u>

Vitality Group believes that discovery is needed on at least the following subjects:

- Vitality Group's trademarks and its use thereof;
- Vitality Group's business;
- Vitality Group's advertising;
- Vitality Health's use of the offending designations;
- Vitality Health's business;
- Vitality Health's advertising;
- Vitality Group's damages; and
- Other such categories as they relate to the claims and defenses alleged in this matter.

VHP believes that discovery is needed on at least the following subjects:

- Vitality Group's alleged insurance offerings, including health insurance;
- Vitality Group's association with Destiny Health;
- Vitality Group's incorporation and formation;
- Destiny Health's departure from the U.S. retail health insurance market;
- Vitality Group's applications, registrations, renewals, and assignments of U.S. federal Trademarks, whether filed by Vitality Group or assigned to it;
- Vitality Group's statements to the USPTO regarding its offering of goods and/or services under or in association with its claimed marks, the truth or falsehood of those statements when made, and Vitality Group's knowledge (or disregard) thereof;
- Vitality Group's alleged agreements with health plan providers;
- Vitality Group's knowledge of VHP;
- Vitality Group's communications about and with VHP;
- Third-party uses of the term "VITALITY";
- Vitality Group's claim that VHP's use of the term "VITALITY" in commerce deceives consumers as to the origin, source, sponsorship, or affiliation of VHP's goods and services;
- Vitality Group's claim that VHP's use of the term "VITALITY" is likely to cause confusion;
- Vitality Group's claim that VHP's use of the term "VITALITY" is causing immediate and irreparable harm and injury to Vitality Group; and
- Vitality Group's damages.

7. <u>Privilege and Protective Orders</u>

The parties do not, at this time, have any disputes over claims of privilege. But the parties anticipate that entry into a protective order will likely be necessary to protect certain sensitive business information, private personal information, and trade secrets. In the event such a protective order becomes necessary, the parties will take the necessary steps to request a protective order from the Court.

8. Changes in Limitations on Discovery

The parties agree that at this time, there appears to be no need to change the limitations on discovery or to conduct discovery in phases.

9. Other Discovery Orders

The parties agree that, at this time, there appears to be no need for other discovery orders.

**K.     ADDITIONAL PARTIES**

At this time, the parties do not anticipate the appearance of additional parties.

**L.     AMENDED PLEADINGS**

At this time, the parties do not foresee amending their respective pleadings.

**M.     DISPOSITIVE MOTIONS**

1. Plaintiff's Position:

After discovery has been conducted, Vitality Group expects to determine whether issues exist that could be decided on a motion for summary judgment. If Vitality Group does file a motion for summary judgment, it will most likely be on the issue of likelihood of confusion.

2. Defendant's Position:

VHP anticipates filing a motion for summary judgment or partial summary judgment based on one or more of the following issues:

- Invalidity of Vitality Group's alleged "VITALITY" marks;
- Unenforceability of Vitality Group's alleged "VITALITY" marks;
- VHP's non-infringement of Vitality Group's alleged "VITALITY" marks;
- No likelihood of confusion between Vitality Group's and VHP's use of the term "VITALITY"; and
- Vitality Group's alleged damages.

3. Dispositive Motion Cut-Off

The parties propose that all dispositive motions will be filed no later than March 31, 2020.

**N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

To date, the parties have engaged in early settlement discussions and continue to do so. Should these early efforts be unsuccessful, the parties agree to ADR Procedure No. 3—the selection of a private mediator as their Local Rule 16-15.4 selection.

**O. TRIAL ESTIMATE**

1. Plaintiff's Position:

Vitality Group requests that this case be tried by a jury and estimate the trial will take approximately 5 court days. At this stage, Plaintiff currently is contemplating calling 6 witnesses.

2. Defendant's Position:

VHP agrees that this case be tried by a jury and estimates that it will take approximately 5 court days once the jury is selected. At this stage, VHP contemplates calling 5-8 witnesses.

**P. TRIAL COUNSEL**

The attorneys trying this case are Paul Gale, Marcus Harris, Amy Wright, and Jeffrey Kuo on behalf of Vitality Group, and Patrick Kelly and Andrew Halaby on behalf of VHP.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties do not believe one is necessary in this case.

**R. TIMETABLE**

*See* Exhibit A attached hereto.

**S. OTHER ISSUES**

None at this time.

Dated: July 5, 2019

TAFT STETTINIUS & HOLLISTER LLP
Marcus S. Harris
Amy L. Wright
Jeffrey Kuo

TROUTMAN SANDERS LLP
Paul L. Gale


By: /s/ Jeffrey Kuo
    Jeffrey Kuo

Attorneys for Plaintiff and Counter-defendant
VITALITY GROUP INTERNATIONAL, INC.

Dated: July 5, 2019

SNELL & WILMER L.L.P.
Andrew F. Halaby
Patrick W. Kelly


By: /s/ Patrick W. Kelly
    Patrick W. Kelly

Attorneys for Defendant and Counterclaimant
VITALITY HEALTH PLAN OF CALIFORNIA, INC.

## ATTESTATION

Pursuant to L.R. 5-4.3.4, Jeffrey Kuo hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Jeffrey Kuo
Jeffrey Kuo

- 12 -

JOINT RULE 26(F) REPORT